BOUTALL, Judge.
This is a suit claiming damages arising from an incident between the plaintiff and certain security guards of Schwegmann Brothers Giant Supermarkets, Inc. The plaintiff, Helen Impola, based her action on assault and battery, unlawful arrest, defamation of character and false imprisonment. After a trial on the merits, the trial judge found in favor of defendant and plaintiff brings this appeal.
The testimony of appellant reconstructs the incident as follows: After paying for her groceries, she left the store and was accosted by a “tall white-headed man” in the parking lot. The man grabbed her by the shoulder and told her that he wanted her to go back into the store. The man then called a “blonde-headed lady” who told her that she was a New Orleans Police Officer. Appellant therefore consented to go back into the store.
Once inside the store, appellant claims that one security guard held her while the other pulled the basket away causing her to fall on her spine. The security guards then took her into an office where she was searched by one of the guards who put his hands in her blouse and pants causing her to fall from a bench and further injure herself.
The testimony of the security guards painted an entirely different picture of the incident. They state that appellant was *1322 observed in the store with a jar of vitamins next to her purse and separate from the rest of her groceries. When she checked out the vitamins were not among the items paid for. Appellant was then questioned briefly outside the store by Pat Caligione, the blonde-haired lady and followed the security guard back into the store of her own accord.
Once back inside, appellant began yelling for a lawyer and a policeman and tried to pull the basket down on herself. Two or three of the security guards had their hands on the basket to prevent it from falling and hurting the woman. She was then helped into a security office and the police were notified. While in the office, appellant constantly tried to disrobe in an attempt to show the employees that she did not have the vitamins. She then fainted off of a bench and fell onto the floor.
Appellees also introduced evidence tending to impeach the appellant’s credibility by showing that she deserted the hospital, where she was being treated for her injuries resulting from this incident because they wouldn’t feed her. Hospital records also reflect the fact that appellant stated that she refused to go to physical therapy because they hurt her and were starving her. She stated at the trial that “they nearly killed me”.
In finding for the defendant, the trial judge stated that he did not believe that a security guard improperly searched the defendant by putting his hands into her blouse and pants. He went on to state:
“The Court is convinced that much of the plaintiff’s cause of action (testimony) is of her own making. The matter, if it blew up out of all proportion, was the doing of the plaintiff.
“The Court has had extreme difficulty in believing both the plaintiff and the defense witnesses. It has no way of telling which side told the most truth, or which side fudged, exaggerated or hedged most in presenting the truth.
“Under the circumstances, the Court must give equal weight to both sides, and necessarily conclude that the plaintiff has not carried the burden of proof.”
We agree with the trial judge’s interpretation of the evidence. As appellant points out, the defense witnesses contradict each other on several points, but appellant’s unsubstantiated story, coupled with her later actions, does not carry the burden of proof which a plaintiff must bear to prevail. The trial judge was in a much better position to determine the credibility of the witnesses than an appellate court and we cannot say on the basis of the testimony before us that manifest error was present in the judgment. See Canter v. Koehring, 283 So.2d 716 (La.1973).
It is therefore ordered that the judgment below be affirmed. Costs of this appeal to be paid by the appellant, Helen Impola.

AFFIRMED.